UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

Louis Anthes,

    Plaintiff,
in *Pro Se*

  against

New York University ("NYU"), New York University School of Law, and Dr. William E. Nelson,

    Defendants.

---

No. 1:17-cv-02511 (ALC)

# PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANT(S)' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CHANGE VENUE

Dr. Louis Anthes, Esq.
P.O. Box 2313
Long Beach, CA 90802
Tel: (562) 363-5052
dr.louis.anthes@gmail.com

*Attorney in Pro Se*

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................................ 1
II. FACTS ..................................................................................................................... 2
III. THE ARGUMENT: ................................................................................................... 3
   A. NO NEXUS BETWEEN LOAN REPAYMENT ASSISTANCE AND "FORUM SHOPPING" ....... 3
   B. PLAINTIFF'S LATENT DISCOVERY OF IMPROPRIETY OF SOUTHERN DISTRICT OF NEW YORK ...... 4
   C. CENTRAL DISTRICT OF CALIFORNIA IS APPROPRIATE VENUE ........................................ 5
   D. PLAINTIFF CONVINCINGLY SHOWS VENUE CHANGE ACHIEVES JUSTICE ....................... 6
IV. CONCLUSIONS ....................................................................................................... 7

# TABLE OF TABLES

Table 1 "Factual Timeline" ............................................................................................ 2
Table 2 "Litigation Economics by Venue in This Lawsuit" ............................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Anglo American Insurance Group, P.L.C. v. Calfed Inc.*, 916 F. Supp. 1324, 1327 (S.D.N.Y. 1996) ...................................................................................................... 7

*In re Safeguard Self-Storage Trust*, 2 F.3d 967 (9th Cir. 1993) .......................................... 6

**Rules**

Fed.R.Civ.Pro. Rule 64 ............................................................................................... 6

Fed.R.Civ.Pro. Rule 8 ................................................................................................. 1

**Statutes**

28 U.S.C. § 1404(a) .................................................................................................... 1

28 U.S.C. § 1406(a) .................................................................................................... 1

Cal. Code Civ. Pro. § 410.10 ...................................................................................... 6

Higher Education Act ("HEA"), 20 U.S.C. § 1091a(a)(1) (as amended) ...................... 3

**Treatises**

Miller & Starr, California Real Estate 4th Ed., Vol 10, Ch. 34 ...................................... 6

*Premises Liability*, 85 N.Y. Jur. 2d § 144 .................................................................... 6

I. **PRELIMINARY STATEMENT**

Plaintiff requests that the Court grant his request for venue change to the United States District Court, Central District of California, pursuant to Fed.R.Civ.Pro. Rule 8, 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a).

The central question is: Are Plaintiff's NYU credentials of meaningful present value in California <u>at least</u> equal to the amount Plaintiff is obligated to the United States Government in the form of Plaintiff's accumulated debt that NYU originally facilitated?

Plaintiff previously filed with the Court his request for *pro bono* assistance regarding Plaintiff's Motion for Change of Venue (Docket No. 12). His previous request for *pro bono* assistance was denied without prejudice by the Court (Docket No. 23), so Plaintiff proceeded to the best of his abilities. Plaintiff previously raised the matter of the Court changing venue, *sua sponte*, as appears in Plaintiff's original Complaint, First Amended Complaint, and in Letters exchanged with the Court and opposing counsel (Docket Nos. 2, 14, 30). Responding to the Court's request at hearing (Hr'g Tr. at 6:17-18, June 16, 2017), Plaintiff filed his Motion for Change of Venue from United States District Court, Southern District of New York to Central District of California on July 27, 2017, Defendants filed their response to Plaintiff's motion on September 8, 2017, and Plaintiff files this reply to their response presently.

From the beginning, in the first action of this litigation, Plaintiff successfully enlisted, and has continued to enlist, occasional *pro bono* assistance from the Southern District of New York, Clinic for *Pro Se* Litigants, New York Legal Assistance Group ("NYLAG", specifically via Peter C. Angelica, Thurgood Marshall US Courthouse, Room LL22, 40 Centre Street, New York, NY 10007, phone (212) 659 6190, fax (212) 714 2050, email PAngelica@nylag.org) regarding Plaintiff's duties to the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and each judge's Individual Practice Rules. Plaintiff feels grateful to the Honorable Andrew L. Carter, Jr.

for recognizing Plaintiff's obstacles while he manages litigation in the Southern District of New York from the Central District of California, as a *pro se* litigant (Hr'g Trans., June 16, 2017). Plaintiff did not file this lawsuit in California in April 2017, because he was trying to prevent it altogether, until suddenly confronted with a threat of litigation by NYU employee, Dr. Duane J. Corpis, on March 16, 2017, initiating service of process by Plaintiff the following month.

In fact, Plaintiff has never filed any civil lawsuit in any United States federal court before this present lawsuit.

## II. FACTS

Plaintiff offers the following "Factual Timeline", composed of facts: a) alleged in Plaintiff's original Complaint, b) alleged in Plaintiff's First Amended Complaint, and c) re-allleged in Plaintiff's Proposed Second Amended Complaint ("Table 1"):

Table 1 "Factual Timeline"

| 1990-1993 | 1993-2000 | 2000-2001 | 2001-2003 | 2003-2008 | 2008-2016 | 2017 |
|---|---|---|---|---|---|---|
| | Anthes at NYU | Anthes at Clemson | Anthes in France | Anthes Low-Wage Employment | Anthes, CBN 236059 | Case: 17-cv-2511 |
| 1991 ↓ Congress Barred Stat. of Limit. for student loans | 1993 ↓ Debt→ ↓ "We learned nothing" (H. Diner) ↓ Awarded PhD & JD  —  2000 ↓ | 2001 ↓ Resignation | 01 ↓ "The United States was attacked like Pearl Harbor." (W. Nelson)  —  02/03 ↓↔↓ Anthes visits NYU, 2x ↓ Publishes dissertation (2003) ↓ Moves to California (2003) | 2007 ↓ Dr. Anthes visits NYU | 08/09/10 ↓↔↓ Attorney Licensing ↓ Anthes denied waiver for Bankruptcy ↓ Anthes marries J. Malumaleumu (CA)  —  2013 / 2015 ↓ IRS/NYC Dept. of Finance Discovery | March ↓ D. Corpis threatens to sue Anthes  —  April ↓ Anthes sues NYU |
| | | | >>>>>>>>>>>>>>>> EXTENT OF KNOWN >>>>>>>>>>>>>>>> IRS/NYCDF >>>>>>>>>>>>>>>> DATA SHARING >>>>>>>>>>>>>>>> | | | |

Among the facts graphically represented above, Plaintiff calls attention to his marriage to Mr. Jeremiah T. Malumaleumu in Norwalk, California in November 26, 2013, because two years before and two years since then Mr. Malumaleumu's United States Internal

2

Revenue Service ("IRS") data was routinely collected and shared with the New York City Department of Finance ("NYCDF"), even though Mr. Malumaleumu has no relationship to New York State or New York City in any way. Compl. at 5; FAC at 13-14. Further, any tax liabilities accruing to Dr. Anthes pertaining to any future discharge of his student loan debt might also accrue to Mr. Malumaleumu, who remains an un-named and potential plaintiff in this litigation. Docket No. 53 at 3, fn 5.

### III. THE ARGUMENT:

#### A. No Nexus Between Loan Repayment Assistance and "Forum Shopping"

It appears Plaintiff has had at least three on-going connections to New York private and public interests since Plaintiff graduated from NYU in 2000 and moved to California in 2003: **a)** Plaintiff currently is an active but unemployed member of the California State Bar (admission 2009) based on his juris doctor degree from New York University (2000); **b)** Plaintiff has been barred by federal law since 1991 (Higher Education Act ("HEA"), 20 U.S.C. § 1091a(a)(1) (as amended)) from claiming "time-barred" defenses pertaining to his student loan debt liabilities that NYU facilitated starting in 1993; **c)** Plaintiff has proof that his single and legal spouse's IRS data was shared with the NYCDF from 2001 until 2015 (spouse 2011-2015).

When Plaintiff filed this present lawsuit in April 2017, he had spent the previous month communicating with Defendant(s) and their agents in an informal attempt to determine Plaintiff's eligibility to enroll in Defendant(s)' "Loan Repayment Assistance Program": "5 Things You Need to Know about NYU Law's LRAP: 1) Our LRAP is one of the largest and most inclusive programs of any law school; 2) You can earn up to $80,000 a year and have no monthly loan payment at all; 3) If you make a career change, our one-time payment assistance can protect you; 4) Our LRAP covers bar

study loans up to $10,000 and computer purchases up to $2,000; 5) NYU Law's LRAP lets you take time off if you need it" ("http://www.law.nyu.edu/financialaid/lrap").

After, first, being threatened with a lawsuit in March 2017 by NYU's employee working in Shanghai, People's Republic of China, and after, second, filing in April 2017 a lawsuit against Defendant(s), Plaintiff proceeded from California in *pro se* to initiate a two-track process of obtaining service of process in New York, while at the same time communicating with NYU's General Counsel's Office, Attorney Jeffrey P. Metzler then Attorney Susan D. Friedfel, Principal at Jackson Lewis in White Plains, New York. At all times Plaintiff raised the matter of changing venue to California. As Plaintiff stated in his original Complaint: "Plaintiff is a citizen of the State of California and is completely dependent economically upon his spouse, also a citizen of the State of California, and Plaintiff has been exclusively dependent upon his marriage for the past several years. ... Plaintiff believes federal discovery procedures can be efficiently satisfied [in the Central District of California] by written and other recorded means, while posing no specific injury to the due process rights of either Plaintiff or Defendants, jointly or severally." Compl. at 3-4.[1]

### B. Plaintiff's Latent Discovery of Impropriety of Southern District of New York

Plaintiff re-alleges to have discovered facts in June 2017, after the commencement of this lawsuit, showing that the attorneys and court officers of the Southern District of New York have a unique institutional relationship with Defendant New York University and Defendant New York University School of Law: a) "Government Civil Litigation Externship - Southern District of New York", and b) "Prosecution Externship - Southern District of New York" (websites previously provided

---

[1] Plaintiff notes that service of process would have been required to occur in New York, even if Plaintiff had filed this lawsuit originally in the Central District of California.

4

to the Court, see Docket No. 44). Plaintiff re-alleges that the unique relationship between the Southern District of New York and Defendants likely colors and prejudices Plaintiff's claims in this litigation to his disadvantage in the venue of the Southern District of New York.

### C. Central District of California Is Appropriate Venue

1. California Has a Legitimate Interest in This Case: CalSTRS

At present, Plaintiff is exclusively supported by his spouse, Mr. Malumaleumu, who is retired (June 2017) and lives exclusively on California's state teachers' retirement pension system ("CalSTRS"). California law affirms marriage equality, where both spouses can work without regard to their gender and mutually contribute to the community. Plaintiff's spouse's pension asset, otherwise, is potentially exposed to Plaintiff's tax liabilities resulting from any legal discharge of Plaintiff's student loan debt, potentially encumbering CalSTRS with a federal tax liability NYU could help prevent.

2. NYU Owns Property Interests in California

In so far as "quasi-in-rem" jurisdiction is the appropriate basis upon which the Central District of California can lawfully exercise jurisdiction over Defendant NYU's property in the Central District of California, then NYU's property concerns rights pertaining to charitable, fund-raising, alumni, and marketing interests in the Los Angeles area specifically. Defendant New York University "leases" event spaces, "invites" guests to events, "excludes" non-guests from events, and "markets" events using databases of alumni networks and resources. All these property-related rights and interests held by New York University in the State of California — leasing, inviting, excluding and marketing — give rise to NYU's specific possessory interests in

California: the "res" in this case.[2] Plaintiff claims this "res" can be specifically identified, enumerated and valued for the purposes of the Central District of California exercising jurisdiction over Defendant New York University's property interests. See Fed.R.Civ.Pro. Rule 64: "Seizing a Person or Property" at (b): "Specific Kinds of Remedies. The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action: arrest; attachment; garnishment; replevin; sequestration; and other corresponding and equivalent remedies." Otherwise, Defendant NYU has minimum contacts in California (see Docket Nos. 43-45), for the Central District of California to exercise jurisdiction pursuant to the state long-arm statute. Cal. Code Civ. Pro. § 410.10.

      3. "Fair Play and Substantial Justice":

      "New York University" PLAINTIFF in

      California Superior Court, 39 Times (1990-2012)

"New York University" is named as a PLAINTIFF in over three dozen cases litigated in the Superior Court of California County of Los Angeles. Docket No. 39-4 and Docket No. 45-4.[3]

### D. Plaintiff Convincingly Shows Venue Change Achieves Justice

Plaintiff conceded his burden in moving for venue change in his original Complaint, at 3, and as further emphasized by opposing counsel: "The movant carries

---

[2] "Whether an agreement for the use of property constitutes a license or a lease generally is determined by the nature of the possession granted" (Miller & Starr, California Real Estate 4th Ed., Vol 10, Ch. 34 at 24, citing *In re Safeguard Self-Storage Trust*, 2 F.3d 967 (9th Cir. 1993)). "Where a property owner who is in possession and control of the entire premises, without the payment or rent or compensation, the arrangement is, in effect, a lease or sublease of such portion of the premises for purposes of determining [on-premises injury] liability" (*Premises Liability*, 85 N.Y. Jur. 2d § 144 at 406).

[3] Defendant(s) flagrantly ignore Plaintiff's offer of evidence of "New York University" as PLAINTIFF, 1990-2011, in Superior Court of California County of Los Angeles (Docket No. 39-4 and Docket No. 45-4). Additionally, in the same jurisdiction, "New York University A Corporation" was named as a plaintiff seven times (1991-1998) and "New York University A New York Corporation" was named as a Defendant in 2012 and "New York University Medical Center" was named as a Defendant once..

the burden of establishing that transfer should be granted." *Anglo American Insurance Group*, P.L.C. v. Calfed Inc., 916 F. Supp. 1324, 1327 (S.D.N.Y. 1996) (et al., as cited by Defendant(s) in their memorandum opposing venue change). Plaintiff has always aimed to exceed his movant's burden: "to the extent that any judicial officer(s) assigned to this case would desire direct examination of witnesses and documents, it would be far more reasonable to ask Defendants, jointly and severally, to bear the burden of meeting judicial evidentiary requests originating in California than it would be for Plaintiff and his spouse to bear the cost of travel/transportation to New York" (Compl. at 4).

Without ignoring any balancing test to be undertaken by the Court in deciding to grant venue change, Plaintiff offers "Table 2" below to emphasize the factor of adjudicative efficiency weighed in the Court's determination of the interests of justice:

Table 2 "Litigation Economics by Venue in This Lawsuit"

| Central District of California: | Southern District of New York: |
|---|---|
| • Subsidizes *Pro Se* Debtor's Expenses for Appearances, Depositions and Document Production | • Subsidizes Private University's Expenses for Appearances, Depositions and Document Production |
| • Imposes Costs on Private University for the Same | • Imposes Costs on *Pro Se* Debtor for the Same |

## IV. **CONCLUSIONS**

Plaintiff urges the Court to GRANT Plaintiff's motion for venue change to the United States District Court, Central District of California.

Dated: <u>September 29, 2017</u>

Respectfully Submitted,

By: _____

LOUIS ANTHES,
ATTORNEY AT LAW, CBN 263059
P.O. BOX 2313
LONG BEACH, CA 90802
TEL: (562) 363-5052
dr.louis.anthes@gmail.com
PLAINTIFF IN *PRO SE*

7