UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2-28-18

------------------------------------------------------------X

Dr. Louis Anthes,

        Plaintiff,

17cv2511 (ALC)

      - against -

**Opinion and Order**

New York University, et al.,

        Defendants.

------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

Before this Court is Plaintiff's motion to disqualify me from this case. For the foregoing reasons, Plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff filed a *pro se* complaint[1] commencing this action on April 6, 2017. ECF No. 2. He filed an amended complaint on May 22, 2017, asserting claims of civil fraud, deprivation of rights under color of law, conspiracy to violate the Thirteenth Amendment, conspiracy with the New York City Government to deprive him of rights, negligent misrepresentation, breach of contract, breach of implied warranty, respondeat superior, and restraint of trade. ECF No. 25 ("Am. Compl."). Defendants moved to dismiss Plaintiff's amended complaint on July 28, 2017. ECF Nos. 46-48. That motion, along with numerous motions filed by Plaintiff, remain pending. *See* ECF Nos. 26-29 (request for judicial notice); 39-41 (supplemental request for judicial notice); 43-45 (motion to change venue); and 81-84 (motion to vacate).

---

[1] The Court notes that, given that Plaintiff is an attorney licensed in California, he is not entitled to the special solicitude and latitude courts traditionally afford to pro se litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("lawyer representing himself ordinarily receives no such solicitude at all"); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (holding that "pro se attorneys . . . cannot claim the special consideration which the courts customarily grant to pro se parties" (quoting *Harbulak v. Cty. of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981)) (internal quotation marks omitted)).

1

On January 25, 2018, Plaintiff filed a letter requesting that this Court either grant his change of venue motion or permit him to file a motion to disqualify me pursuant to Fed. R. Civ. P. 63. ECF No. 94. That day, this Court set a briefing schedule for Plaintiff's proposed motion for disqualification. ECF No. 95. Plaintiff subsequently filed three motions offering to withdraw his motion for disqualification if this Court permitted him to file a Second Amended Complaint. ECF Nos. 96, 98, 100. Defendant responded asserting that Plaintiff should be precluded from filing his proposed motion to disqualify. ECF No. 97. This Court denied Plaintiff's motions and directed Plaintiff to follow the briefing schedule set out in ECF No. 95 if he still sought to file his motion for disqualification. ECF Nos. 99, 101.

On February 8, 2018, Plaintiff filed a motion to disqualify me from this case. ECF Nos. 102-104 ("Pl. Mem"). Defendant responded in opposition on February 22, 2018. ECF No. 113. On February 23, 2018, Plaintiff wrote to this Court stating that he waives his right to file a reply brief. ECF No. 114. Accordingly, the Court considers this motion fully briefed.

## LEGAL STANDARD

"[T]he substantive standard for recusal is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." *Apple v. Jewish Hosp. and Medical Cntr.*, 829 F.2d 326, 333 (2d Cir. 1987). In this analysis, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). Disqualification is not required with regards to interests that are "remote, contingent, indirect or speculative." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001). Further, "where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *Id.* As this Circuit has stated, "[a] judge is as much obliged not to recuse himself when it is not called

for as he is obligated to when it is." *Id.* (quoting *In re Drexel Burnham Lambert, Inc.*, 861 F.2d at 1312).

## DISCUSSION

Plaintiff alleges this Court is biased based on several factors related to: (1) this Court's failure to discuss and determine the interests of the people and state of California or (2) Plaintiff and his spouse; (3) alleged factual mischaracterizations in its decision denying joinder; (4) references to personal characteristics of Plaintiff and Defendant; (5) this Court's decision on in forma pauperis status for the purposes of appeal; and (6) failure to decide Plaintiff's motion for a change in venue. Defendant argues that Plaintiff's motion is meritless and made in bad faith, and that Plaintiff is essentially asserting that the Court is biased if it disagrees with Plaintiff but unbiased if it agrees with him.

### I. Venue and Interests of California and Plaintiff and his Spouse

Grounds 1, 2, and 6 of Plaintiff's motion concern this Court's alleged failure to give due consideration to California's interests in this case and the interests of Plaintiff and his spouse, as well as its failure to sufficiently weigh the prejudice to Plaintiff resulting from litigating in the Southern District of New York. Pl. Mem at 4-7; 11-12. This Circuit has made clear that "adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009); *accord In Re International Business Machines Corp.*, 618 F.2d 923, 929 (2d Cir. 1980). The Court's failure to rule on pending motions likewise does not indicate bias. *See id.*

### II. Joinder Ruling

Plaintiff contends that this Court's failure to vacate its ruling denying joinder of Nelnet (ECF No. 73) demonstrates bias. Plaintiff alleges that, in that ruling, the Court erred by focusing on Plaintiff's law school education without acknowledging that he first assumed student debt while

3

enrolled in a Ph.D program at NYU. Pl. Mem at 7-8. As discussed above, disagreement with a court's ruling is not grounds for recusal. *See Chen*, 552 F.3d at 227.

### III. References to Personal Characteristics

Plaintiff alleges that the Court's "irrelevant references to personal characteristics" demonstrate bias in violation of the Model Code of Judicial Conduct. Pl. Mem at 8-9. Specifically, Plaintiff contends that "[r]eferring to Defendant as 'professor' and while not noting Plaintiff's 'Doctor' appellation at the same time" violates the Canons of Judicial Conduct. *Id.* at 9. Such characterizations are insufficient to require recusal. *See, e.g., Francolino v. Kuhlman*, 224 F. Supp. 2d 615, 655 (S.D.N.Y. 2002) (reference to defendant as a "prima donna" insufficient for disqualification); *A.S. Goldmen, Inc. v. Phillips*, No. 05-4385, 2006 WL 1881146 at *44-45 (S.D.N.Y. June 6, 2006) (collecting cases).

Plaintiff further asserts that the Court's characterization of issues and parties in this matter, and its failure to rule on several motions, is a manifestation of judicial impartiality. Pl. Mem at 9. As discussed *supra*, this Court's rulings, or lack thereof, are not grounds for disqualification. *See Chen*, 552 F.3d at 227.

### IV. Standard for Evaluating In Forma Pauperis Status for Appeal

Plaintiff alleges that this Court's citation to *Coppedge v. United States*, 369 U.S. 438, 445 (1962) in its denial of in forma pauperis status for the purposes of appeal evinces bias. Pl. Mem at 9-10. While *Coppedge* "was a criminal case, it entails the interpretation of the language and import of section 1915" and accordingly "should also be applied to [in forma pauperis] applications in civil cases." *Linden v. Harper and Row Publishers*, 490 F. Supp. 297, 300 (S.D.N.Y. 1980); *see also Malley v. Corp. Counsel of City of N.Y.*, 9 Fed. App'x 58, 60 (2d Cir. 2001) (citing *Coppedge* in civil case). Regardless, Plaintiff does not show that this Court's reliance on *Coppedge* evinces any actionable bias.

4

Accordingly, Plaintiff's motion for disqualification is DENIED.

**SO ORDERED.**

Dated: February 28, 2018
      New York, New York

_____
**Andrew L. Carter, Jr.**
**United States District Judge**