UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

DR. LOUIS ANTHES,

                Plaintiff,

-against-

NEW YORK UNIVERSITY, NYU
SCHOOL OF LAW, and DR. WILLIAM E.
NELSON,

                Defendants.

Civ. No.: 1:17-cv-02511-ALC

-------------------------------------------------------------------------X

## **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 59(e) AND LOCAL CIVIL RULE 6.3**

JACKSON LEWIS P.C.
44 S. Broadway, 14th Floor
White Plains, N.Y. 10601
Tel: (914) 872-8060
Fax: (914) 946-1216

Susan D. Friedfel
Joseph J. DiPalma

*Attorneys for Defendants*

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................1

      PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD
      BE DENIED...........................................................................................................1

I.    PLAINTIFF FAILS TO MEET THE STANDARD FOR
      RECONSIDERATION ..........................................................................................1

II.   THIS COURT APPROPRIATELY DISMISSED ALL OF PLAINTIFF'S
      CLAIMS AS TIME-BARRED .............................................................................2

      A.    This Court Properly Dismissed Plaintiff's Fraud Claims As Time-Barred ...2

      B.    This Court Properly Dismissed Plaintiff's Deprivation of Rights
           under Color of Law and Conspiracy to Violate the Thirteenth
           Amendment Claims As Time-Barred .............................................................4

      C.    This Court Properly Dismissed Plaintiff's Negligent Misrepresentation
           Claim As Time-Barred.....................................................................................5

      D.    This Court Properly Dismissed Plaintiff's Breach of Contract Claim
           As Time-Barred ...............................................................................................5

      E.    This Court Properly Dismissed Plaintiff's Breach of Implied Warranty
           Claim As Time-Barred.....................................................................................6

      F.    This Court Properly Dismissed Plaintiff's Restraint of Trade Claim
           As Time-Barred ...............................................................................................6

III.  PLAINTIFF HAS NOT PRESENTED ANY COGNIZABLE ARGUMENT
      THAT THE COURT OVERLOOKED MATERIAL FACTS OR LAW IN
      DISMISSING HIS FIRST AMENDED COMPLAINT .........................................7

      A.    Plaintiff Fails To Sufficiently Allege This Court Inappropriately
           Dismissed His Civil Fraud Claim ...................................................................7

      B.    Reconsideration Should Be Denied Because This Court Properly
           Dismissed Plaintiff's Claims for Deprivation of Rights and for
           Conspiracy to Violate the Thirteenth Amendment and to Deprive
           Him of His Rights ............................................................................................9

    C.    This Court Properly Dismissed Plaintiff's Claim for Negligent Misrepresentation ....................................................................................................9

    D.    There Is No Basis for Reconsideration of the Dismissal of Plaintiff's Claim for Breach of Contract..........................................................10

    E.    This Court Properly Dismissed Plaintiff's Claim for Breach of Implied Warranty ...............................................................................................11

    F.    Plaintiff's Motion for Reconsideration Should Be Denied as This Court Properly Dismissed Plaintiff's Claim for Respondeat Superior.........................................................................................................12

    G.    Plaintiff's Claim for Restraint of Trade Was Properly Dismissed...................12

CONCLUSION................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*24/7 Records, Inc. v. Sony Music Entm't, Inc.*,
   429 F.3d 39 (2d Cir. 2005) ..................................................................................................10

*Baker v. McDonald's Corp.*,
   686 F Supp. 1474 (S.D. Fla. 1987) ........................................................................................9

*Colonial Realty Corp. v. Brunswick Corp.*,
   257 F. Supp. 875 (S.D.N.Y.1966) ........................................................................................10

*Davidson v. Yeshiva University*,
   555 F. Supp. 75 (S.D.N.Y. 1982) ..........................................................................................9

*Gaidon v. Guardian Life Ins. Co. of Am.*,
   750 N.E.2d 1078, 1082 (N.Y. 2001) .....................................................................................3

*Gross v. Diversified Mortg. Investors*,
   431 F. Supp. 1080, 1095 (S.D.N.Y. 1977) ...........................................................................10

*In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*,
   995 F. Supp. 2d 291, 309-10 (S.D.N.Y. 2014)……………………………………………….3

*Kermanshah v. Kermanshah*,
   580 F. Supp. 2d 247 (S.D.N.Y. 2008) ...................................................................................5

*Nat'l Union Fire Ins. Co. v. Dassault Falcon Jet Corp.*,
   263 Fed. Appx. 604 (9th Cir. 2008) ......................................................................................6

*O'Sullivan v. Duane Reade, Inc.*,
   27 Misc. 3d 1215[A] (N.Y. Sup. 2010) ...............................................................................11

*Orlando v. Novurania of Am., Inc.*,
   162 F. Supp. 2d 220 (S.D.N.Y. 2001) ...................................................................................6

*Porrazzo v. Bumble Bee Foods, LLC*,
   822 F. Supp. 2d 406 (S.D.N.Y. 2011) .................................................................................11

*Rodriguez v. Cnty. of Westchester*,
   2017 U.S. Dist. LEXIS 3892 (S.D.N.Y. 2017) ...................................................................12

*Shrader v. CSX Trans.*, Inc.,
   70 F.3d 255 (2d Cir. 1995) ....................................................................................................2

*Stutman v. Chemical Bank*,
    95 N.Y.2d 24 (2000) ..................................................................................................8

*United States ex rel. Corp. Compliance Assocs. v. N.Y. Soc'y for the Relief of the Ruptured & Crippled, Maintaining the Hosp. for Special Surgery*,
    2014 U.S. Dist. LEXIS 109786 (S.D.N.Y. Aug. 7, 2014) ...................................7, 8

*United States ex rel. Kolchinsky v. Moody's Corp.*,
    162 F. Supp. 3d 186 (S.D.N.Y. 2016) .......................................................................7

*United States ex rel. Mergent Services v. Flaherty*,
    540 F.3d 89 (2d Cir. 2008) .......................................................................................7

*Zeke N' Zoe Corp. v. Zeke N' Zoe, LLC*,
    2002 U.S. Dist. LEXIS 8670 (S.D.N.Y. 2002)......................................................1, 2

**Statutes**

15 U.S.C. § 1………………………………………………………….………………………….12

15 U.S.C. §15b………………………………………………………………………………..….6

15 U.S.C. § 77l………………………………………………………………………..….5, 10

15 U.S.C. § 77l (a)(2)………………………………………………………………………….10

31 U.S.C. § 3731……………………………………………………………………………….2

31 U.S.C. § 3729(a)(1)(A) …………………………………………………………………..8

42 U.S.C. § 1983……………………………………………………………………………….4

**PRELIMINARY STATEMENT**

Plaintiff's motion for reconsideration should be denied in its entirety as this Court properly dismissed all of Plaintiff's claims. In moving for reconsideration of this Court's March 12, 2018 Order dismissing his First Amended Complaint, pursuant to FRCP 59(e) and Local Civil Rule 6.3, Plaintiff contends reconsideration is appropriate to correct a clear error of law or prevent manifest injustice. Plaintiff does not, however, identify any error of law, nor does he articulate how this motion would prevent manifest injustice.

As this Court correctly held, all of the claims asserted by Plaintiff, Dr. Louis Anthes, suffer from the same fatal flaw: they are all barred by the relevant statute of limitations. Even assuming for the sake of argument that Plaintiff's claims were timely, this Court still appropriately dismissed the First Amended Complaint because the allegations do not state a claim that is plausible on its face. Rather, Plaintiff pled causes of action that bear no relationship to the facts alleged. Plaintiff's entire First Amended Complaint is a futile attempt to hold Defendants liable for the student loan debt he legitimately incurred in the course of obtaining his degrees. Accordingly, Plaintiff's motion for reconsideration should be denied.

**ARGUMENT**

**PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED**

**I.    PLAINTIFF FAILS TO MEET THE STANDARD FOR RECONSIDERATION**

"In a motion for reconsideration brought pursuant to Local Rule 6.3 or FRCP 59(e), a plaintiff must demonstrate that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Zeke N' Zoe Corp. v. Zeke N' Zoe, LLC*, 2002 U.S. Dist. LEXIS 8670, at *2 (S.D.N.Y. 2002) (citing *Wiesner v. 321 West 16th St. Assoc.*, 2000 U.S. Dist. LEXIS 15592, at *2 (S.D.N.Y. 2000). "The standard for granting such a

motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Trans., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Although a party seeking reconsideration may advert to controlling decisions or factual matters that were before the court on the underlying motion, the party may neither put forth new facts, issues or arguments that were not presented to the court on that motion…nor revisit issues that the court has already fully considered such that the motion becomes a substitute for appealing from a final judgment." *Zeke N' Zoe Corp. v. Zeke N' Zoe, LLC*, 2002 U.S. Dist. LEXIS 8670, at *3 (internal citation omitted).

Here, Plaintiff fails to present any coherent argument that the court overlooked controlling decisions or factual matters that might reasonably be expected to alter the conclusion reached by the court. Indeed, as discussed below, Plaintiff merely is attempting to revisit issues that this Court has already fully considered. Therefore, Plaintiff's motion for reconsideration should be denied.

## II. THIS COURT APPROPRIATELY DISMISSED ALL OF PLAINTIFF'S CLAIMS AS TIME-BARRED

This Court properly determined that Plaintiff's claims are time-barred as Plaintiff does not allege Defendants took any relevant action during the applicable limitations periods; his claims, therefore, were appropriately dismissed.

### A. This Court Properly Dismissed Plaintiff's Fraud Claims As Time-Barred

The Federal False Claims Act, 31 U.S.C. § 3731, provides, in relevant part, that:

"(b) A civil action under section 3730 may not be brought --

(1) more than 6 years after the date on which the violation of section 3729 committed, or

2

> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event or more than 10 years after the date on which the violation is committed."

The statute of limitations for New York common-law fraud is "six years from accrual or two years from actual or imputed discovery." *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.,* 995 F. Supp. 2d 291, 309-10 (S.D.N.Y. 2014) (citing N.Y. C.P.L.R. § 213(8) (McKinney 2013)), *affd sub nom. SRM Glob. Master Fund Ltd. P'ship v. Bear Stearns Cos. L.L.C.,* 829 F.3d 173 (2d Cir. 2016). The six-year period runs from "the commission of the fraud." *Id.* (quoting *Piedra v. Vanover,* 174 A.D.2d 191 (2d Dept. 1992)). A three-year statute of limitations applies to claims arising under N.Y. General Business Law § 349. *Gaidon v. Guardian Life Ins. Co. of Am.,* 750 N.E.2d 1078, 1082 (N.Y. 2001).

This Court, giving Plaintiff every benefit of the doubt, fully considered Plaintiff's fraud claims. Presumably, Plaintiff bases his civil fraud claim on his incurrence of student loan indebtedness. (*See* First Amend. Compl. at p. 15.) This Court correctly held, however, that the

> "misrepresentation or omission that Plaintiff alleges is entirely unclear. However, Plaintiff pleads that he was informed that he was assuming student loan debt in exchange for degrees, and that he, in fact, received these degrees. To the extent Plaintiff is alleging that Defendants misrepresented the value of the degrees he received, Plaintiffs pleading is entirely unspecific with regard to the time, place or contents of any alleged false statements in that regard, or examples as to how Plaintiff relied to his detriment on those statements."

(*See* ECF No. 126 at p. 13.) Indeed, this Court correctly concluded Plaintiff's fraud claim, if sufficiently pled, could not have occurred within any applicable statute of limitations period.

In seeking reconsideration, Plaintiff asserts his New York Common Law Fraud claim should survive as the claim could be timely if brought within two years from the actual or

imputed discovery. Plaintiff's motion for reconsideration must be denied, however, because this Court considered Plaintiff's argument that he visited NYU as late as 2007 and that he considered bringing this suit "years before" but did not do so until he received a phone call from Duane Corpis. It is clear Plaintiff's fraud claims are untimely and were appropriately dismissed on such basis.

> **B. This Court Properly Dismissed Plaintiff's Deprivation of Rights under Color of Law and Conspiracy to Violate the Thirteenth Amendment Claims As Time-Barred**

Plaintiff fails to present a cognizable argument to support his assertion that his 42 U.S.C. § 1983 claim is not time-barred. Instead, Plaintiff reiterates there is no federal statute of limitations for 42 U.S.C. § 1983 claims, and ignores the Court's proper application of New York's three-year personal injury statute of limitations. Plaintiff's allegation that Defendants conspired with the federal government by permitting him to incur student loan debt that is not dischargeable under federal bankruptcy laws is wholly speculative and conclusory. Even assuming his argument is credible, it is undisputed that more than three years have passed since any alleged conspiracy. Accordingly, Plaintiff's 42 U.S.C. § 1983 claim was properly dismissed as untimely. Plaintiff now tries to argue that this Court overlooked the fact that Plaintiff allegedly discovered in 2015 that the New York City Department of Finance was collecting IRS data on his household. Even if plaintiff made such a discovery during the limitations period in 2015, he cannot premise a claim for conspiracy against NYU or Professor Nelson based upon actions taken by the New York City Department of Finance. Beyond sheer speculation, Plaintiff does not, and cannot, allege that Defendants had anything to do with the collection of that data.

### C. This Court Properly Dismissed Plaintiff's Negligent Misrepresentation Claim As Time-Barred

Plaintiff attempts to pose a new hypothetical scenario as to why this claim is not time-barred. He now argues his conversation with "NYU officials" in March of 2017 regarding NYU's LRAP triggered his negligent misrepresentation claim, somehow rendering it timely. This argument does not make sense. Plaintiff cannot have relied upon an alleged misrepresentation made in 2017 when he decided to incur student debt in or about 1999. Regardless, Plaintiff's claim under the Securities Act of 1933, 15 U.S.C. § 77l requires that NYU sold Plaintiff a registered security, which undisputedly did not happen. Even assuming Plaintiff could state a claim, the latest Plaintiff could have timely commenced this claim would have been three years after his graduation from NYU. Accordingly, there is no basis for reconsideration.

### D. This Court Properly Dismissed Plaintiff's Breach of Contract Claim As Time-Barred

Reconsideration should be denied because Plaintiff offers nothing more than a confusing explanation as to why he has a breach of contract claim that is not time-barred. Plaintiff fails to allege sufficient facts to support a finding that a contract existed, much less how it was breached and when the breach occurred. Even giving Plaintiff every favorable inference, like this Court did, New York's statute of limitations for breach of an express or implied contract is six years. *See* C.P.L.R. § 213(2). "A cause of action for breach of contract usually accrues, and the limitations period begins to run, upon breach." *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 260 (S.D.N.Y. 2008). This Court correctly held the statute of limitations period expired in 2007; six years after the alleged breach. Plaintiff fails to present any coherent argument that this Court overlooked controlling decisions or factual matters that might reasonably be expected to alter this conclusion.

### E. This Court Properly Dismissed Plaintiff's Breach of Implied Warranty Claim As Time-Barred

Plaintiff does not provide any legal argument as to why his breach of implied warranty claim is not time-barred. Plaintiff's breach of implied warranty claim is based upon Article 2 of New York's and California's Uniform Commercial Codes. Plaintiff fails to rebut that in both jurisdictions, such claims are governed by a four-year statute of limitations. *See Orlando v. Novurania of Am., Inc.*, 162 F. Supp. 2d 220, 223 (S.D.N.Y. 2001); *Nat'l Union Fire Ins. Co. v. Dassault Falcon Jet Corp.*, 263 Fed. Appx. 604, 607 (9th Cir. 2008). Plaintiff received his advanced degrees in 2000 and was unemployed soon thereafter. Any claim as to a breach of an implied warranty and/or merchantability concerning such degrees must have been commenced within four years of his receipt of such degrees.

### F. This Court Properly Dismissed Plaintiff's Restraint of Trade Claim As Time-Barred

In his reconsideration motion, Plaintiff makes a speculative and confusing argument as to why the statute of limitations should be tolled for his restraint of trade cause of action but fails to present a coherent argument that this Court overlooked controlling decisions or factual matters that might reasonably be expected to bring this claim within the applicable statute of limitations period. Plaintiff's claim is based on the premise that Dr. Nelson, as his advisor, restrained Plaintiff from engaging in trade insofar as Professor Nelson advised Plaintiff about his career while he was enrolled at NYU. (*See* First Amend. Compl. at pp. 9-11, 23.) Accordingly, this Court properly held that Plaintiff's claim was untimely because it was not brought within four years of Plaintiff's graduation from NYU. *See* 15 U.S.C. §15b.

### III. PLAINTIFF HAS NOT PRESENTED ANY COGNIZABLE ARGUMENT THAT THE COURT OVERLOOKED MATERIAL FACTS OR LAW IN DISMISSING HIS FIRST AMENDED COMPLAINT

#### A. Plaintiff Fails To Sufficiently Allege This Court Inappropriately Dismissed His Civil Fraud Claim

This Court spent ample time considering every conceivable interpretation of Plaintiff's baseless fraud claims and ultimately concluded that Plaintiff failed to allege a claim under either the Federal False Claims Act or N.Y. General Business Law § 349. To state a claim under the False Claims Act, Plaintiff "must show that a defendant (1) made a claim, (2) to the United States government, (3) that is false or fraudulent, (4) knowing of its falsity, and (5) seeking payment from the federal treasury." *United States ex rel. Kolchinsky v. Moody's Corp.*, 162 F. Supp. 3d 186, 195 (S.D.N.Y. 2016).

"The FCA facilitates restitution to the federal government when money is fraudulently taken from it." *United States ex rel. Corp. Compliance Assocs. v. N.Y. Soc'y for the Relief of the Ruptured & Crippled, Maintaining the Hosp. for Special Surgery*, 2014 U.S. Dist. LEXIS 109786, at *8 (S.D.N.Y. Aug. 7, 2014). "The FCA permits a relator to bring a qui tam action for a violation of section 3729 for the person and for the United States Government. The action [is] brought in the name of the Government." *Id*. [internal quotation omitted]. "While the False Claims Act permits relators to control the False Claims Act litigation, the claim itself belongs to the United States." *United States ex rel. Mergent Services v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) [internal quotation omitted]. "At the same time, 'the United States is a 'party' to a privately filed FCA action only if it intervenes in accordance with the procedures established by federal law.'" *New York Soc.*, 2014 U.S. Dist. LEXIS 109786, at *8 (*quoting United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009)).

7

"The relator may bring an action [under the FCA] against any person who 'knowingly presents, or causes to be presented, to an officer or employee of the United States…a false or fraudulent claim for payment or approval….'" *New York Soc.*, 2014 U.S. Dist. LEXIS 109786, at *9 (*quoting* 31 U.S.C. § 3729(a)(1)(A)). "A relator also may bring claims against any person who 'knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.'" *Id*. (*quoting* 31 U.S.C. § 3729(a)(1)(B)).

Plaintiff's motion for reconsideration must be denied because he does not identify any law or facts overlooked. This Court properly dismissed Plaintiff's claim for civil fraud based upon his failure to allege that the Defendants made a false claim to the government or acted to deceive consumers. NYU facilitated Plaintiff's obtaining student loans to allow him to pursue a Ph.D. and J.D. NYU conferred both degrees on Plaintiff. Thus, there was no false representation or deception.

Similarly, N.Y. General Business Law § 349 requires a plaintiff to "prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chemical Bank*, 95 N.Y.2d 24, 29 (2000). Once again, Plaintiff fails to present any legal or factual argument to support that Defendants materially misled him in violation of law. Rather, Plaintiff enrolled in two of NYU's academic programs and was ultimately conferred both degrees. Plaintiff has not suffered any damages whatsoever as a result. Accordingly, this cause of action was appropriately dismissed and Plaintiff's motion for reconsideration should be denied.

B. **Reconsideration Should Be Denied Because This Court Properly Dismissed Plaintiff's Claims for Deprivation of Rights and for Conspiracy to Violate the Thirteenth Amendment and to Deprive Him of His Rights**

Plaintiff alleges that his First Amended Complaint provided at least three facts to support this claim. These allegations are baseless and were previously considered by this Court and appropriately dismissed.

It is abundantly clear Plaintiff did not state a claim under the Thirteenth Amendment for a multitude of reasons, most significant of which are that he does not allege he is of African descent and he does not and cannot allege that Defendants took any action based on his race. *Baker v. McDonald's Corp.*, 686 F Supp. 1474, 1480 (S.D. Fla. 1987).

In addition, to prove conspiracy, 42 U.S.C. § 1985(3) further requires that Plaintiff "must aver, *inter alia*, a conspiracy between two or more persons." *Davidson v. Yeshiva University*, 555 F. Supp. 75, 79 (S.D.N.Y. 1982). Plaintiff Motion for Reconsideration fails in this regard as well. Plaintiff offers nothing more than baseless, conclusory allegations that Defendants in some way conspired with the federal government by permitting Plaintiff to attend NYU and incur student loans to pay for such education. Plaintiff offers no legal basis warranting reconsideration of this Court's dismissal of this claim.

C. **This Court Properly Dismissed Plaintiff's Claim for Negligent Misrepresentation**

In his Motion for Reconsideration, Plaintiff incorrectly asserts that this Court failed to adequately consider the nature of his negligent misrepresentation claim. Plaintiff asserts that the relevant misrepresentation was Dr. Nelson's assurance to Plaintiff he would be eligible for NYU's LRAP. Even considering this argument, Plaintiff fails to allege that this was a misrepresentation at the time, or that he was unable to participate in the LRAP upon graduation. In any event, this claim is wholly without merit and must be dismissed because the Securities

Act creates liability only for material misrepresentations or omissions in connection with a registered securities offering. *See Gross v. Diversified Mortg. Investors*, 431 F. Supp. 1080, 1095 (S.D.N.Y. 1977); 15 U.S.C. § 77l (a)(2). NYU has not sold Plaintiff securities. Academic degrees are not deemed securities by the Securities Act of 1933. The term "such security" as used by Congress in 15 U.S.C. § 77l (a)(2) "meant only the securities issued and sold pursuant to the registration statement and prospectus." *Colonial Realty Corp. v. Brunswick Corp.*, 257 F. Supp. 875, 879 (S.D.N.Y.1966). Plaintiff fails to present any coherent argument that this Court overlooked controlling decisions or factual matters that might reasonably be expected to alter this conclusion.

### D. There Is No Basis for Reconsideration of the Dismissal of Plaintiff's Claim for Breach of Contract

Plaintiff is still unable to assert a prima facie case for a breach of contract claim. Indeed, there never was a valid contract that could have been breached. To meet his burden as to the breach of contract claim, Plaintiff must prove (1) there was an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of the contract by the defendant; and (4) damages. *See 24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 429 F.3d 39, 42 (2d Cir. 2005). Plaintiff offers nothing more than a conclusion that there was an enforceable agreement between Plaintiff and Defendants, claiming that "assurances that LRAP assistance would be available to help Plaintiff retire his sizeable student loan investments" formed a contract. Plaintiff does not, however identify the terms of those assurances or what conditions precedent to assistance existed. As this Court properly held, Plaintiff's breach of contract claim is "foreclosed by the lack of specificity as to the terms of the agreement between the parties." (Order, ECF Doc. No. 126, at 25.)

### E. This Court Properly Dismissed Plaintiff's Claim for Breach of Implied Warranty

Plaintiff fails to assert a plausible basis to warrant reconsideration of this Court's holding that Plaintiff's NYU education was not a "good" as defined by either the New York Uniform Commercial Code § 2-314 and the California Commercial Code §§ 2314-2316. (Order at 28.) Plaintiff attempts to utilize a law that is applicable to the warranty and merchantability of goods that are sold by merchants to consumers. This Court appropriately rejected this theory and determined the Uniform Commercial Code is wholly inapplicable here.

"To establish that a product is defective for purposes of a breach of implied warranty of merchantability claim, a plaintiff must show that the product was not reasonably fit for its intended purpose, an inquiry that focuses on the expectations for the performance of the product when used in the customary, usual, and reasonably foreseeable manners." *O'Sullivan v. Duane Reade, Inc.*, 27 Misc. 3d 1215[A], at *6 (N.Y. Sup. 2010); *Porrazzo v. Bumble Bee Foods, LLC*, 822 F. Supp. 2d 406, 420-21 (S.D.N.Y. 2011). Plaintiff's professional degrees were not a product or good that was sold to him as contemplated by the UCC. "'Goods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action." U.C.C. § 2-105(1). Plaintiff's professional degrees are unable to be moved or sold. Plaintiff does not present any legal basis to support his contention that his professional degrees should be considered goods under the UCC. Plaintiff does not, and cannot, allege that he was not conferred legitimate professional degrees from NYU. Accordingly, reconsideration should be denied.

### F. Plaintiff's Motion for Reconsideration Should Be Denied as This Court Properly Dismissed Plaintiff's Claim for Respondeat Superior

Plaintiff incorrectly alleges this Court did not dismiss this claim. Indeed, this claim was properly dismissed for failure to state a claim in that Plaintiff failed "to allege any tort on the part of Nelson for which NYU should be held liable." (Order at 30.)

"To state a claim for respondeat superior, a plaintiff must plead facts demonstrating that the tortious conduct that caused the injury was committed within the scope of the employee's employment." *Rodriguez v. Cnty. of Westchester*, 2017 U.S. Dist. LEXIS 3892, *35-36 (S.D.N.Y. 2017). Plaintiff still does not allege any tortious conduct on the part of Dr. Nelson or any other NYU employee. Accordingly, Plaintiff's Motion for Reconsideration must be denied.

### G. Plaintiff's Claim for Restraint of Trade Was Properly Dismissed

Reconsideration should be denied because Plaintiff fails to identify any facts or law that this Court overlooked in holding that Plaintiff failed to state a claim for restraint of trade in violation of the Sherman Anti-Trust Act, 15 U.S.C. § 1. As this Court properly held, Plaintiff's allegations do not fall "within even the outermost bounds of either concerned action or 'restraint of trade' contemplated by" the Sherman Anti-Trust Act. This cause of action was appropriately dismissed and reconsideration should be denied.

## **CONCLUSION**

Plaintiff's Motion for Reconsideration fails to present any coherent argument that this Court overlooked controlling decisions or factual matters that might reasonably be expected to alter the conclusion that his First Amended Complaint must be dismissed in its entirety. Accordingly, Plaintiff's Motion for Reconsideration should be denied.

Dated: April 9, 2018
      White Plains, New York

                              Respectfully submitted,

                              JACKSON LEWIS P.C.
                              44 South Broadway, 14th Floor
                              White Plains, New York 10601
                              914-872-8060

          By:    */s/ Susan D. Friedfel*
                    Susan D. Friedfel
                    Joseph J. DiPalma
                    *Attorneys for the Defendants*